[No. 12691.   Department One. — April 12, 1890.]

## JOHN NORTON ET AL., RESPONDENTS, *v.* ANASTASIA STURLA, APPELLANT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — Where there is a substantial conflict in the testimony, the findings of fact of the court below cannot be set aside by the appellate court.

UNLAWFUL DETAINER — CONTRACT OF SALE BETWEEN LANDLORD AND TENANT — TIME OF ESSENCE — VERBAL EXTENSION — HOLDING OVER — DEMAND AND REFUSAL — OPTION OF VENDOR TO SUE AS LANDLORD. — When possession is taken under a written lease at a monthly rental, and a contemporaneous written contract is made between the landlord and tenant to convey the premises at the expiration of the lease upon payment of a specified sum, and expressly making time of the essence of the contract, and declaring that the possession of the vendee is that of tenant only, if a verbal extension of rental is given upon the expiration of the lease, and after the expiration of the period of such extension a deed is tendered, and payment of the purchase-money is demanded and refused, the refusal of the tenant to perform the contract of sale puts an end to that contract, at the option of the vendor, and he is at liberty to pursue his remedy as a landlord under the verbal lease by an action for unlawful detainer.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The findings of the superior court show that the defendant entered into possession of the premises in controversy as tenant of plaintiffs under a written lease for the period of one year from June 21, 1886, at a rental of forty dollars per month, and that contemporaneously with the written lease a contract of sale was executed and delivered, binding the plaintiffs to convey the premises to the defendant in one year from that date, upon payment of a specified sum, the latter contract expressly declaring that the possession held by the party of the second part is that of tenant, and not as vendee, and that time was of the essence of the contract. The defendant, in her answer, alleged that interest was paid upon the purchase-money by way of rent, but the superior court found to the contrary. At the expiration of the written lease, there was a verbal renewal of rental for one month

at an increased rental, fifty dollars being paid to July 21, 1887, and a subsequent payment of the same amount by defendant for the month of August, 1887; but the superior court found that these payments were made as rent, and not as purchase-money, or as interest thereon, and that there was no renewal of the contract of sale. The defendant offered to make further payments as interest on the purchase-money by way of rent, claiming that the time of payment under the contract of sale had been extended for one year, which offer was declined. The defendant made no further payment, or offer of payment, simply as rent. Further facts are stated in the opinion of the court.

*A. D. Splivalo*, and *Charles E. Nougues*, for Appellant.

*E. F. Preston*, for Respondents.

BEATTY, C. J. — Action for unlawful holding over after rent due; judgment for plaintiffs; motion for new trial denied, and defendant appeals.

There are two, and only two, material questions in this case.

1. What was the character of defendant's holding of the demanded premises subsequent to June 21, 1887? Did she hold as vendee in possession under contract of sale, or as lessee under a verbal lease?

2. What extension of time did plaintiffs give her to make payment of the agreed price of the premises, — one year from June 21, 1887, as she claims, or one month, as they claim?

There is a substantial conflict in the testimony on both points; and the findings of the superior court, which are against the defendant, cannot be set aside.

Time was expressly made of the essence of the contract of sale, and the time of payment expired June 21, 1887. We must accept the finding of the superior court, that it was extended only until July 21st, — one month. When the deed was tendered, August 15, 1887, and pay-

ment demanded, the defendant distinctly refused to pay before June 21, 1888, and she persisted in this attitude when the offer of the deed was renewed on the trial, — at least, she did not at that time offer or agree to accept it and make payment.

This refusal to perform, upon her part, put an end to the contract of sale, at the option of the plaintiffs, and left them at liberty to pursue their remedy as landlords.

Judgment and order affirmed.

PATERSON, J., and FOX, J., concurred.